UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br>  Petitioner,<br>v.<br>J. CUSTER, et al.,<br>  Respondents. | Case No. 24-cv-09429-EMC<br><br>**ORDER DISMISSING MATTER WITHOUT PREJUDICE** |

Petitioner James Carl Kelly filed the instant action on December 26, 2024, as a habeas corpus petition. ECF No. 1. For the reasons set forth below, this action is **DISMISSED** without prejudice.

I.     **DISCUSSION**

Petitioner is a state prisoner currently confined at Kern Valley State Prison. Petitioner seeks relief for his claims of retaliation, denial of his request to access the law library, and denial of his request for a reasonable accommodation at the prison. ECF No. 1 at 3-4.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, . . . 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Hill*, 547 U.S. at 579.

Habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (internal quotations omitted); *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). "Where the prisoner's claim would not

'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner,* 562 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82). In fact, a § 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the core of habeas corpus." *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation omitted).

Although the remedy sought by a prisoner is material, that the prisoner seeks release is not always enough for a claim to sound in habeas; the claim must actually challenge the basis of the underlying detention. *See Pinson v. Carvajal*, 69 F.4th 1059, 1072 (9th Cir. 2023). "[T]he relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested." *Id.*

Accordingly, Petitioner may not pursue his claims challenging the conditions of his confinement, including his retaliation and prison law library claims, in a habeas petition and must instead bring them in a civil rights complaint filed under 42 U.S.C. § 1983. *See, e.g., Pratt v. Rowland*, 65 F.3d 802, 806 & n. 4 (9th Cir.1995) ("[T]he prohibition against retaliatory punishment is 'clearly established law' in the Ninth Circuit, for qualified immunity purposes. That retaliatory actions by prison officials are cognizable under § 1983 has also been widely accepted in other circuits."). The instant petition will therefore be dismissed without prejudice to Petitioner raising them in a civil rights complaint in a new lawsuit. The Court also notes that the proper venue for claims arising from conditions at Kern Valley State Prison is the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b).

## II. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DISMISSED** without prejudice to Petitioner raising the claims in a civil rights complaint filed in the appropriate federal district. Any pending motions are therefore moot. The Clerk is requested to include a blank civil rights form with this Order, terminate all pending motions, and close the file.

**IT IS SO ORDERED.**

Dated: June 11, 2025

_____
EDWARD M. CHEN
United States District Judge

2